# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Grace Wright and Terry Wright, ) | |
| ) | C.A. No. 7:09-cv-02490-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Liberty Medical Supply, Inc. d/b/a ) | |
| Liberty Medical Supply Pharmacy, ) | |
| and PolyMedica Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This case arises from a dispute regarding a settlement agreement between Plaintiffs Grace Wright and Terry Wright ("Plaintiffs") and Defendants Liberty Medical Supply, Inc. d/b/a Liberty Medical Supply Pharmacy ("Liberty") and PolyMedica Corporation ("PolyMedica"; collectively "Defendants"), Liberty's parent company. Currently before the court is Plaintiffs' Amended Motion to Compel Settlement, For Costs, Sanctions, and Expenses [Doc. 68] in which Plaintiffs allege Defendants have not complied with the terms of the settlement agreement between the parties and ask the court to compel Defendants to fulfill their payment obligations according to the agreement, to present a revised release to Plaintiffs, to grant interest on the settlement amount to Plaintiffs, and to award Plaintiffs attorney's fees and costs associated with this motion.

1

**LEGAL STANDARD**

District courts have the authority to enforce settlement agreements, and the application of this authority has the effect of entering a judgment by consent. *See Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). A court should apply a two-step process when it is asked to enforce a settlement agreement: first, it should determine whether the parties actually agreed to settle the dispute. *See Silicon Image, Inc. v. Genesis Microchip, Inc.*, 271 F. Supp. 2d 840, 847 (E.D. Va. 2003) (citing *Moore v. Beaufort Cnty., N.C.*, 936 F.2d 159, 162 (4th Cir. 1991)). If the court finds the parties have agreed to settle, it should ascertain the terms of the settlement. *Id.* The settlement may not be enforced until the court decides the parties have reached a complete agreement. *Id.* If the court cannot conclude that there was a meeting of the minds between the parties, the settlement agreement cannot be enforced, the case must be restored to the calendar, and the parties must be placed in exactly the same position they occupied prior to the defective settlement. *See Wood v. Va. Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975) (citing *Hester v. New Amsterdam Cas. Co.*, 268 F. Supp. 623 (D.S.C. 1967)).

**DISCUSSION**

Grace Wright had a prescription filled by Defendants, and Plaintiffs allege that Defendants incorrectly formulated the prescription. Plaintiffs claim that as a result of Defendants' error, Grace Wright's body rejected the transplanted kidney she had received. The case was settled at mediation. The settlement agreement detailed the manner in which Plaintiffs were to be paid: first, Plaintiffs' counsel would determine the amount that Medicaid and

Medicare paid to treat Grace Wright in connection with the claims she asserted in her lawsuit. Plaintiffs' counsel would then provide documentation of the amounts to Defendants' counsel. Then, a company called CNA (presumably Defendants' insurer) would issue a check to Plaintiffs' counsel's trust fund in the amount of the Medicaid and Medicare liens within 15 days of Defendants' counsel's approval of the documentation. Also within 15 days of the date of documentation approval, CNA would issue a check for the difference between the full settlement amount and the Medicaid and Medicare liens to Plaintiffs and their counsel to be held in trust. The money in excess of the Medicaid and Medicare liens would not be disbursed until both parties signed a release, and both liens were satisfied.

The settlement agreement explained that Plaintiffs must release all claims against Defendants and dismiss this action with prejudice. It also stipulated that Plaintiffs' attorney would be responsible for resolving all Medicaid and Medicare liens using the amounts held in trust to satisfy those liens and would provide documentation to Defendants' counsel upon the satisfaction of the liens. Additionally, Plaintiffs agreed to indemnify and hold harmless Defendants and CNA for the liens. Finally, the last paragraph of the settlement agreement states, "PLAINTIFFS AND DEFENDANTS ACKNOWLEDGE THAT THE ABOVE REPRESENTS THE TERMS OF THEIR AGREEMENT AND IS A FULL AND COMPLETE SETTLEMENT OF THIS CASE[]" (emphasis in original). Plaintiffs, their attorney, Defendants' attorney, and a representative of CNA signed the agreement on October 27, 2010.

Plaintiffs' counsel submitted documentation detailing the approximate amounts of the two liens to Defendants' counsel. On December 3, 2010, Defendants delivered the release required by the settlement agreement along with three checks to Plaintiffs. One check was made

payable to Medicaid; another to Plaintiffs, their attorney, and Medicare; and the third to Plaintiffs and their attorney for the remainder of the settlement. Plaintiffs claim the use of three checks, two of which list Medicaid and Medicare as payees, violates the settlement agreement and makes it impossible for their attorney to satisfy the liens for them.

Plaintiffs also contend the release Defendants enclosed with the checks conflicts with the settlement agreement in four ways: it contains a confidentiality clause to which Plaintiffs never agreed; it names Plaintiffs' attorney as a party to the release and an indemnitor to pay the applicable liens; it states that Plaintiffs' attorney has confirmed the exact amounts of the Medicaid and Medicare liens; and it contains an integration clause which states that the release supersedes all other agreements between the parties even though Plaintiffs claim its terms are materially different from those to which the parties agreed in the settlement agreement.

Plaintiffs ask the court to order Defendants to pay the settlement within three (3) days of this order without naming Medicaid or Medicare as payees on the checks; Defendants to produce a release without the four provisions to which Plaintiffs object; and Defendants to pay interest on the settlement amount for the period from November 20, 2010, through the date of payment. Plaintiffs also ask the court to award them reasonable attorney's fees, costs, and expenses incurred as a result of filing this motion.

Defendants claim their listing of Medicaid and Medicare as payees on the checks is meant only to ensure that the liens are paid and to shield them from any liability that could be imposed on them by the Medicare Secondary Payer Act, 42 U.S.C. § 1395(y). Regarding the release, Defendants claim the settlement agreement does not forbid a confidentiality agreement,

and it allows both sides to negotiate the terms under which Plaintiffs will release all claims. Defendants argue that the agreement specifically states that the settlement proceeds will not be disbursed until a release is signed "upon forms acceptable to both parties" and that "Plaintiffs will execute a Release, satisfactory to both parties." Therefore, Defendants claim, their inclusion of a confidentiality clause in the release is not a violation of the agreement. Defendants assert that the provision is merely one they would like to see included in the final release, and both parties are free to negotiate about its inclusion.

Defendants do not address Plaintiffs' contentions regarding the stipulation in the release that Plaintiffs' attorney will confirm the amount of the Medicaid and Medicare liens, and they do not specifically address Plaintiffs' misgivings about the release's integration clause. Defendants have agreed to remove the portion of the release making Plaintiffs' attorney a party to the release and an indemnitor for the liens. Defendants object to Plaintiffs' request that the court order them to pay interest on the settlement amount and to the imposition of any sanctions.

The court finds that Defendants have not complied with the payment arrangements set forth in the settlement agreement. While the court believes Defendants have failed to comply with the terms of the agreement because they fear being held liable for the Medicaid and Medicare liens under the Medicare Secondary Payer Act, Defendants have made appropriate arrangements to pay the liens as required by law. "[T]he [Medicare Secondary Payer Act] . . . put [federal beneficiaries] and [responsible third parties] on notice that, if they resolve their dispute through settlement **without making appropriate arrangements to pay the United States for its subrogation claim**, potential liability to the United States will continue post-

settlement." *In re Dow Corning Corp.*, 244 B.R. 705, 712 (Bankr. E.D. Mich. 1999) (emphasis added).

The settlement agreement states that Defendants are to issue two checks to be deposited into Plaintiffs' counsel's trust account. The agreement further states Plaintiffs and their counsel will be responsible for resolving applicable Medicaid, Medicare, and any other health care liens using the settlement proceeds. Moreover, Plaintiffs' attorney cannot release the difference between the total settlement payment and the health care liens until the liens are resolved and must notify Defendants once the liens are satisfied. Finally, both sides agreed that Plaintiffs will indemnify and hold harmless Defendants for any health care liens that Defendants may have to pay on Plaintiffs' behalf. These provisions are clear and definite enough to demonstrate to the court that the liens will be paid by Plaintiffs and their counsel. Defendants assented to this payment structure by signing the settlement agreement, and the final paragraph of the agreement makes clear that both parties agreed to settle the dispute based solely on the terms the agreement sets forth. As a result, the court finds the parties have made appropriate arrangements to pay the Medicaid and Medicare liens, and Defendants must pay Plaintiffs the settlement proceeds according to the terms of the settlement agreement. Defendants must issue two checks. The first should be payable to the trust fund of Plaintiffs' attorney in the total amount of the Medicaid and Medicare liens combined. The second should be payable to Plaintiffs and their counsel to be deposited in trust, and should be for the difference between the total settlement amount and the amount of the liens covered by the first check. Defendants should issue both checks within five (5) days of this Order.

The court also finds Defendants' insertion of a confidentiality clause, language indicating Plaintiffs' attorney has confirmed the amounts of the Medicaid and Medicare liens, and the specific integration clause contained in the release violate the settlement agreement. Because the parties have agreed to remove the provision making Plaintiffs' attorney a party to the release and a guarantor or indemnitor for the liens, the court need not address this issue.

The settlement agreement is silent about the inclusion of a confidentiality clause. It makes plain, however, that a release agreeable to both parties must be executed, and that the document represents the terms of the parties' agreement. Plaintiffs have expressed their strong disagreement with the inclusion of a confidentiality clause. Because the term is not mutually agreeable to the parties, it must be removed from the release. Furthermore, the third paragraph of the agreement describes in detail what the release will contain, but does not mention a confidentiality provision. Finally, Plaintiffs cite an Ethics Advisory Opinion from the South Carolina Bar to support their conclusion that the presence of a confidentiality clause in a settlement agreement is *per se* improper. The court is unpersuaded that this Ethics Advisory Opinion is dispositive of this issue. However, the court agrees that South Carolina's public policy favors more disclosure in litigation, not less. *See, e.g.*, Local Civil Rule 5.03(E) DSC ("No settlement agreement filed with the Court shall be sealed pursuant to the terms of this Rule."); S.C. R. Civ. P. 41.1 (explaining that, while the rule does not apply to private settlement agreements, its purpose is to advance South Carolina's "long history of maintaining open court proceedings and records. . . ."); S.C. Bar Ethics Advisory Comm., Ethics Advisory Op. 10-04 (2010). Accordingly, the confidentiality agreement must be removed from the release.

Similarly, the stipulation that Plaintiffs' attorney has confirmed the precise amount of the Medicaid and Medicare liens must be removed. Plaintiffs' attorney has already submitted documentation to Defendants that they found sufficient to issue checks. Both parties have agreed that the liens are to be paid using the proceeds Plaintiffs' counsel will hold in trust, and Plaintiffs will not receive any disbursement until the liens have been satisfied. Finally, Plaintiffs have agreed to notify Defendants when the liens have been satisfied. Requiring Plaintiffs' counsel to confirm the exact amount of the liens beyond what has already been submitted to Defendants is unnecessary, particularly in light of the fact that Defendants were satisfied with the documentation they have received to the extent that they have already issued checks based on it.

Additionally, because the release is the final document that must be executed before this case may be completely settled, the integration clause contained therein must indicate that it and the settlement agreement combined represent the entire agreement of the parties.

Plaintiffs further ask the court to award interest on the settlement amount beginning November 20, 2010, until the date of payment, as well as attorney's fees, costs, and expenses associated with filing this motion. The court finds Defendants had a reasonable basis for failing to comply precisely with the terms set forth in the settlement agreement, and therefore Plaintiffs' requests are denied. Defendants had a reasonable belief that they could be held liable for failing to include Medicaid and Medicare as payees on the checks sent to Plaintiffs' attorney. Plaintiffs have not demonstrated that Defendants have acted maliciously in failing to abide by the express terms of the settlement agreement. Furthermore, the fifth paragraph of the settlement agreement

specifically states both parties are to pay their own attorney's fees and costs. Consequently, Plaintiffs' requests for interest and sanctions are denied.

## CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Amended Motion to Compel Settlement, For Costs, Sanctions, and Expenses [Doc. 68]. Defendants must issue two checks to Plaintiffs: the first should be payable to the trust fund of Plaintiffs' attorney in the total amount of the Medicaid and Medicare liens combined. The second should be payable to Plaintiffs and their counsel to be deposited in trust, and should be for the difference between the total settlement amount and the amount of the liens covered by the first check. Defendants should issue both checks within five (5) days of this Order.

Defendants should also prepare and present a release to Plaintiffs that does not include a confidentiality clause or a statement indicating Plaintiffs' attorney has confirmed the amount of the Medicaid and Medicare liens. The release should also contain an integration clause stating the release combined with the settlement agreement represents the complete agreement of the parties.

Finally, Plaintiffs' requests for interest and sanctions are denied.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Court Judge

July 25, 2011
Greenville, South Carolina